IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WALLACE EUGENE McCREE, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-951-WKW-SMD |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on Petitioner Wallace Eugene McCree, III's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 1.[1] As discussed below, the court finds that McCree's motion is time-barred by the statute of limitations, 28 U.S.C. § 2255(f).

### I. BACKGROUND

On August 29, 2016, McCree pled guilty to aiding and abetting the obstruction of justice, in violation of 18 U.S.C. §§ 1512(c)(2) and 2. Crim. Doc. 87. In the plea agreement, McCree waived his rights to appeal and collaterally attack his sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. Crim. Doc. 48 at 4–5. On March 27, 2017, the district court sentenced McCree to 136 months in prison. Crim.

---

[1] References to documents filed in this proceeding are designated as "Doc." References to documents filed in the underlying criminal case (Case No. 2:16-cr-85) are designated as "Crim. Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the original versions as presented for filing.

Doc. 83; Doc. 1-2 at 1. Judgment was entered by the district court on April 5, 2017. Doc. 1-2 at 1. McCree did not appeal.

On November 13, 2020, McCree filed this § 2255 motion[2] asserting claims that his trial counsel rendered ineffective assistance by: (1) failing to file an appeal after McCree asked him to do so; (2) failing to argue there was no factual basis for the obstruction-of-justice charge; (3) misleading McCree about the seriousness of the charge and the sentence he faced if convicted; (4) failing to provide McCree with a copy of the plea agreement and failing to discuss the contents of the plea agreement with him. Doc. 1 at 4–6.

The government argues that McCree's motion is time-barred by the one-year statute of limitations in 28 U.S.C. § 2255(f) and that the claims he presents are therefore not subject to review. Doc. 10 at 3–5. The undersigned agrees and, consequently, recommends that McCree's motion be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

## II.   DISCUSSION

McCree's § 2255 motion is subject to a one-year statute of limitations, running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

[2] McCree's motion was stamped received in this court on November 19, 2020 (Doc. 1 at 1), but McCree represents that he placed the motion in the prison system on November 13, 2020 (*id*. at 11). Applying the prison mailbox rule, the court deems his motion filed on the earlier date. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The one-year limitation period for § 2255 motions most often starts to run on the date a defendant's judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). The district court entered judgment in McCree's case on April 5, 2017. Doc. 1-2 at 1. McCree did not appeal. When a defendant does not appeal, the judgment of conviction becomes final when the time for seeking that review expires. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Under the Federal Rules of Appellate Procedure, McCree had 14 days from entry of the judgment of conviction to file an appeal. *See* Fed. R. App. P. 4(b)(1)(A). Therefore, his judgment of conviction became final 14 days after the district court's April 5, 2017 entry of judgment, i.e., on April 19, 2017. Under 28 U.S.C. § 2255(f)(1), McCree then had until April 19, 2018, to file his § 2255 motion. However, he filed his § 2255 motion on November 13, 2020—807 days after expiration of the statute of limitations. Thus, his motion his untimely under § 2255(f)(1), and it is time-barred unless the limitation period in his case began to run on a date later than April 19, 2017, under the provisions of 28 U.S.C. § 2255(f)(2)–(4) or is subject to equitable tolling.

Although McCree does not expressly argue that § 2255(f)(4) provides the limitation period for his § 2255 motion, he maintains that his motion should be considered timely

3

because he "acted in a timely fashion in filing his motion upon finding that his attorney had failed to file an appeal on his behalf when requested to do so." Doc. 14 at 1. Section 2255(f)(4) states that the one-year limitation period may run from "the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence."[3] 28 U.S.C. § 2255(f)(4). To take advantage of the delayed commencement of the limitation period under § 2255(f)(4), a petitioner faces the burden of alleging facts demonstrating his due diligence in discovering the facts underlying his claim.[4] *Russaw v. United States*, 2018 WL 2337301, at *3 (N.D. Ala. May 23, 2018).

McCree makes no showing that he exercised due diligence to discover the facts underlying his claim that his counsel failed to file a requested appeal.[5] He furnishes this court with no specific facts (e.g., an approximate date) regarding when he allegedly learned that his counsel did not file an appeal on his behalf, and he does not specify how long after learning this information that he filed his § 2255 motion. He is no more specific than to assert, cursorily, that he "acted in a timely fashion" after learning an appeal had not been filed. Doc. 14 at 1. Moreover, McCree does not allege that he contacted this court (or any

---

[3] For purposes of § 2255(f)(4), the limitation period "begins to run when the facts could have been discovered through the exercise of due diligence, not when they were actually discovered." *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002); *see Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010).

[4] "Due diligence [ ] does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts. Moreover, the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system." *Aron*, 291 F.3d at 712 (internal quotation marks omitted).

[5] The court does not discuss McCree's remaining claims in light of § 2255(f)(4)'s due-diligence requirement. It is clear that the factual bases for those claims were available to McCree no later than the time of his sentencing.

4

other court) at any time after he asked his counsel to file an appeal. And he does not allege that he made any efforts to contact his counsel to confirm that an appeal had been filed, or to ascertain the status of his appeal. Given that McCree pled guilty under a plea agreement with a waiver as to all sentence-related claims except ones of ineffective assistance of counsel and prosecutorial misconduct, ordinary prudence would have dictated that, after he informed counsel that he wished to appeal, McCree should not have waited long to contact counsel to confirm that notice of appeal had been filed and to discuss with counsel the matters he wished to appeal. Reasonable diligence would have dictated that McCree attempt to contact his counsel about these matters more than a year before he filed his § 2255 motion.

And if McCree's attempts to contact his counsel were unsuccessful, reasonable diligence would have dictated that he attempt to contact this court (or the appellate court) to determine if an appeal had been filed. In the context of a claim that a requested appeal was not filed, due diligence may require that a petitioner timely take the simple step of contacting the court and requesting a docket sheet. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 819 (8th Cir. 2008) (affirming denial of § 2255 motion as untimely, despite claim of extended § 2255(f)(4) limitations period; "[t]hat an appeal had not been filed was a matter of public record. And we think it clear from the face of the motion and record here that a duly diligent person in Anjulo-Lopez's circumstances could have unearthed that information any time after the deadline for filing the appeal passed."). Had McCree exercised due diligence in contacting the court, he could have discovered the lack of an appeal well over a year before he filed his § 2255 motion.

5

In *United States v. Larry*, 2010 WL 5651470, at *3 (N.D. Fla. 2010), a case involving an allegation that the petitioner's counsel failed to file a requested notice of appeal, the district court found that the petitioner failed to exercise due diligence when "he ma[de] no allegation that he made any effort to contact this Court or the Court of Appeals . . . to determine the status of his appeal" within the first seven months of his incarceration. The district court stated:

> Neither Defendant's ignorance of legal matters nor his transfers within the Bureau of Prisons constitute sufficient justification for failing to take such affirmative steps in addition to his unsuccessful efforts to contact his counsel. Indeed, the absence of any response from counsel . . . would have put a reasonable prisoner on notice that some other steps should be taken to determine the status of the appeal. With one letter or telephone call to the Clerk of this Court or to the presiding district judge, Defendant could have secured a copy of the docket sheet in this case and immediately known that a notice of appeal had not been filed.

*Larry*, 2010 WL 5651470, at *3. The district court also noted that "[i]n strikingly similar circumstances, the Court has found that 62 days was sufficient time for a reasonably diligent prisoner to determine whether his attorney had filed a notice of appeal." *Id.* at *3 n.1 (citing *United States v. Thomas*, 2007 WL 624538, at *5 (N.D. Fla. Feb. 22, 2007)).

Here, McCree fails to show that he exercised due diligence in determining if his counsel filed the appeal he says he requested. And the exercise of due diligence would have enabled him to discover the lack of an appeal well over a year before he filed his § 2255 motion. Consequently, nothing in his § 2255 motion falls under the ambit of § 2255(f)(4),

6

and the limitation period in § 2255(f)(1) provides the deadline for his § 2255 motion.[6] His § 2255 motion is untimely under the one-year statute of limitations.

The Supreme Court has held that the applicable limitation period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But the Court has noted "that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649. "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).

McCree does not assert an entitlement to equitable tolling based on his counsel's failure to file a requested appeal, but even if he did, he could not satisfy equitable tolling's due-diligence requirement for the same reasons, discussed above, that he fails to satisfy the due-diligence requirement for applying § 2255(f)(4) as the statute of limitations. *See Badillo v. United States*, 2013 WL 2297172, at *3–4 (M.D. Ala. May 24, 2013) ("Suffice it to say . . . that the same failure to demonstrate the due diligence required by § 2255(f)(4) prevents [petitioner] from availing himself of the benefits of equitable tolling."). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587

---

[6] The provisions of § 2255(f)(2) and § 2255(f)(3) do not furnish safe harbor for McCree by affording a different triggering date such that AEDPA's limitation period commenced on some date later than April 19, 2017, or expired on some date later than April 19, 2018. There is no evidence that an unlawful governmental action impeded McCree from filing a timely § 2255 motion, *see* 28 U.S.C. § 2255(f)(2), and McCree presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* 28 U.S.C. § 2255(f)(3).

F.3d at 1308. Failing to demonstrate that he acted with due diligence, McCree is not entitled to equitable tolling.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by McCree be DENIED and this case DISMISSED with prejudice because the § 2255 motion is untimely under the limitation period in 28 U.S.C. § 2255(f). It is further

ORDERED that the parties shall file any objections to this Recommendation by August 24, 2023. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 10th day of August, 2023.

        /s/ Stephen M. Doyle  
STEPHEN M. DOYLE  
CHIEF U.S. MAGISTRATE JUDGE